■ VALMART FOOD BUYING SERVICE, INC., Appellant, v. ROSE STERNGASS, Respondent, et al., Defendants. ROSE STERNGASS, Third-Party Plaintiff-Respondent, v. VALMART FOOD BUYING SERVICE, INC., et al., Third-Party Defendants-Appellants.— In an action to recover on a promissory note, the appeals are (1) by plaintiff, as limited by its brief, from a portion of an order of the Supreme Court, Westchester County, dated June 27, 1967, and (2) by plaintiff

and the third-party defendants from an order of the same court dated May 31, 1967. The appeal from the order dated June 27, 1967 is from so much thereof as (1) denied in part plaintiff's motion to strike certain affirmative defenses in respondent's answer pursuant to CPLR 3024 (subd. [b]), on the ground they are scandalous and prejudicial and (2) denied plaintiff's motion to dismiss respondent's two counterclaims on the ground that respondent has no capacity to sue. The order dated May 31, 1967 denied appellants' motion (1) to strike out certain affirmative defenses in respondent's answer pursuant to CPLR 3211 (subd. [b]), on the ground they are insufficient in law and do not state a defense and (2) to dismiss said counterclaims, which are also respondent's third-party causes, pursuant to CPLR 3211 (subd. [a], pars. 6, 7), on the grounds they may not properly be interposed in this action and fail to state a cause of action. Order dated June 27, 1967 modified, on the law and the facts, by striking out the second decretal paragraph and providing in lieu thereof that the motion to dismiss the counterclaims is granted. As so modified, order affirmed insofar as appealed from, without costs. Order dated May 31, 1967 modified, on the law and the facts, by striking from the decretal paragraph the words " in all respects denied " and by substituting therefor the following: " denied insofar as the motion is to strike out affirmative defenses and granted insofar as the motion is to dismiss the counterclaims and the causes against the third-party defendants." As so modified, order affirmed, without costs. In our opinion the motions to dismiss the counterclaims and third-party causes should have been entertained as motions brought pursuant to CPLR 3211 (subd. [a], pars. 6, 7) and granted on the grounds that said counterclaims and causes may not properly be interposed in the action and fail to state a cause in favor of respondent. The counterclaims and third-party causes seek recovery by respondent individually for damages sustained by the corporation of which she owns a majority of the capital stock. As pleaded, her rights are merely derivative; and she has no capacity to sue as an individual by way of counterclaims and third-party causes in this action (see *All States Warehousing* v. *Mammoth Storage Warehouses,* 7 A D 2d 714). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.